NicholsoN, C. J.,
delivered the opinion of the court.
This is a bill to foreclose a deed of trust filed by one of the beneficiaries against the trustee and the other creditors provided for. At the appearance term the defendant, J. A. McKinny, who brings the case here by writ of error, made his appearance and obtained two months, time to answer, without delaying the hearing. He consented that the cause might be referred to the Master to ascertain the several amounts of the claims secured before his answer was filed, if the same was not filed within the two months. He also consented that the Master, with the advice and consent of said McKinny, might proceed before the next term of the court to sell certain portions of the land included in the trust deed at private sale. The decree containing these orders was made at the April Term, 1870.
At the April Term, 1871, the Master reported the amounts of the several debts, except one, which he could not report for want of the necessary data. The case was heard upon the bill, judgment pro eonfesso against the defendants, the former decree and the report of the Master, which not being excepted to, was confirmed. A decree was thereupon rendered in favor of complainant against defendant J. A. McKinny for the amount reported due by him to complainant, and no private sale of the land having been made by the Master under the former decree, the Chancellor proceeded to decree a foreclosure of the deed by order *85 ing the land to be sold on a credit of twelve, eighteen and twenty-four months, and at the instance of the complainant, cutting off the equity of redemption.
Before any sale was made under this decree, defendant J. A. McKinny filed the transcript in this court and obtained a writ of error and supersedeas.
He now assigns several causes of error.
1. That it was error to render a decree against defendant McKinny for the amount of his indebtedness ; that the bill was filed to foreclose the deed, and under such bill nothing more could be done than to ascertain the amount of the debt, order a sale of the property and apply the proceeds to its satisfaction.
But the bill not only prays for the sale of the property, but specifically prays for a decree for the amount of defendant’s indebtedness. To this bill there was no demurrer, if indeed one would have been proper, which we do not hereby admit, and therefore there was no error in rendering the decree for the amount of -the debt.
2. That it was error to decree the land to be sold on twelve, eighteen and twenty-four months credit and to cut off the equity of redemption. It is insisted that, as it is provided by the deed of trust that the land should be sold for cash, under which sale defendant would have the right of redemption, the Chancellor had no legal authority to vary the terms of the contract and order a sale on credit, and thus defeat defendant’s right of redemption.
It is not denied that the Code, s. 2124, authorizes the court upon the foreclosure of a mortgage or trust *86 deed; upon the application of a complainant, to order the sale free from the equity of redemption.. But it is said, that by the terms of the contract set out in the deed the land was to be sold subject to redemption, and that thereby a vested right was created which is protected by the fundamental law against infringement.
To this position it may be answered, that the deed contains no express contract between the parties thereto by which defendant .was to have the right of redemption. The express contract is, that if the debt of defendant is not paid by a fixed day the trustee may sell the land for cash for its satisfaction. Upon this express contract the law by implication engrafts the right for two years to redeem. It is because the existing law enters into and becomes part of the express contract that the defendant can claim the right of redemption. But the same principle incorporates, into the contract that provision of the Code which authorizes the court to order a sale on a credit and thus cut off the equity of redemption. In this view of the law there is no such vested right, and no such infringement thereof or of the obligation of the contract as makes the decree obnoxious to . the objection taken.
3. That the decree was pronounced without a judgment pro oonfesso against defendant McKinny.
It appears that he made his appearance and obtained two months time to answer, but the extension of time was not to delay the hearing. At the same time he consented 'that without an answer the Master might *87 proceed to ascertain and report the amounts of tbe several claims, be agreed also that without his answer the master, with his advice and consent, might proceed to make private sales of portions of the land prior to the next term of the court. The final decree was not rendered until April, 1871, a year after he obtained two months time. It would be no unreasonable inference from these facts, which appear of record, that defendant had waived his right to answer. At least they show that he could have had no meritorious defense to make, and under s. 4516 of the Code, we should not be authorized to reverse the decree for such an error. But the final decree recites that it was made upon “judgment pro confesso against the defendants.” As the transcript furnished by defendant does not contain the rules taken in the cause, we have a right to presume in favor of the regularity of the proceedings below, that the judgment pro confesso was taken at the rules.
4. That the report shows that the amount of the entire indebtedness was not accurately ascertained, and the decree shows that it was suggested that payments may have been made after the report was made, and that there may be error in calculations made by the Master, and that the Master was ordered to ascertain the payments and correct his errors.
As the funds were to be derived by sale of the lands, and would continue under the control of the court, there was no error in adding to the decree a clause retaining in the court the authority to make a just distribution of the proceeds among the creditors.
*88 As we find nothing in the errors assigned for which the decree should be reversed, the same is affirmed.