## Case No. 977.

### BARCLAY v. LEVEE COM'RS.

[1 Woods, 254.] [1]

Circuit Court, D. Louisiana. April Term, 1872.

#### REMOVAL OF CAUSES—COURTS.

1. The act of congress of [February 5,] 1867, [14 Stat. 385,] which authorizes the removal of suits from a state court to the U. S. courts either by the plaintiff or the defendant, who shall make oath that he cannot have a fair trial on account of local prejudice and influence, overrides the provision of the 11th section of the judiciary act, which declares that those courts shall not have cognizance of any suit to recover the contents of any note or other chose in action in favor of an assignee, unless suit might have been prosecuted in such court to recover said contents, if no assignment had been made.

[Cited in Deford v. Mehaffy, 13 Fed. 491.] .

[See Hobby v. Allison, 13 Fed. 401, and note as to the right of removal under sections 11 and 12 of the judiciary act, and under act of 1867.]

2. The provisions of the 11th section of the judiciary act in regard to suits in the U. S. courts on notes or other choses in action held by assignment, was intended to prevent fraudulent assignments of choses in action, made for the purpose of giving the court jurisdiction; and was not founded on any constitutional principle.

[3. Cited in Woolridge v. McKenna, 8 Fed. 679, to the point that a petition for the removal of a cause from a state court to a federal court may be amended in the latter court to conform to the facts.]

Action at law [by James M. Barclay against the board of levee commissioners and the police juries of Madison and Carroll parishes, La.] Heard upon motion to dismiss the petition [for removal. Motion denied.]

E. T. Merrick, Geo. W. Race, W. H. Foster, and T. S. McCoy, for plaintiff.
S. R. & C. L. Walker, for defendants.

BRADLEY, Circuit Justice. This suit was originally commenced in the thirteenth judicial district court of Louisiana, for the recovery of the amount due on a large number of warrants issued by the board of levee commissioners, defendants, payable to the order of various persons, by whom they are indorsed. Suit was commenced by petition in 1867, and citation was duly served on the president of the board. In December, 1870, the police jury of the parish of Madison intervened, and prayed leave to defend the suit. The petition of intervention was afterwards withdrawn, and the plaintiff removed the suit to this court under the act of con-

---

[1] [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

gress of February 5, 1867, (14 Stat. 385.) In the original petition, the plaintiff was described as a resident of the city of New Orleans. By a supplemental and amended petition filed in this court after the removal of the cause, he states that that was a mistake of his attorney; that he is, and for many years has been a citizen and resident of the state of Tennessee, and he furnished his own affidavit and the affidavit of others to show the truth of this allegation. By his amended petition he also makes the police juries of the parishes of Madison and Carroll, parties defendants in the suit, and prays for judgment against them, as well as against the board of levee commissioners.

The defendants move to dismiss the petition on several grounds:

First. That the parties are not such as to give this court jurisdiction. The plaintiff has shown that he is a citizen of Tennessee, and was so when the suit was originally commenced, and the defendants being political, or quasi political corporations of Louisiana, are necessarily citizens of the latter state. So far as citizenship of the parties goes, therefore, the court has jurisdiction.

Second. It is urged that the form of the security sued on is such that this court has no jurisdiction of the case, and for this point the defendants rely on the 11th section of the judiciary act of [September 24,] 1789, [1 Stat. 79,] which declares that no district or circuit court of the United States shall have cognizance of any suit to recover the contents of any promissory note or other chose in action in favor of an assignee, unless suit might have been prosecuted in such court to recover said contents, if no assignment had been made. This case undoubtedly comes within the purview of that section. But the plaintiff contends that the act of 1867, [14 Stat. 385,] which authorizes the removal of suits from a state court either by the plaintiff or defendant, who shall make oath that he cannot have a fair trial on account of local prejudice and influence, overrides this provision of the 11th section of the judiciary act. And I am inclined to think that this position is correct. The provision referred to was intended to prevent fraudulent assignments of choses in action made for the mere purpose of giving the court jurisdiction, and was not founded on any constitutional principle. As the act of 1867 is general in its terms, and gives the right of removal in all cases without exception where the parties are citizens of different states, I do not think it necessary to import into it an exception grounded on the 11th section of the judiciary act.

Third. The defendants contend that as against the police juries of Madison and Carroll, the action is an original one, and therefore that the judiciary act applies as to them. If the original action was properly removed, and if the addition of these parties was a matter properly incident thereto, I think the objection cannot prevail. But I cannot see how those police juries are proper parties in the case. I do not see how one corporation can be made liable for the debts and obligations of another without a voluntary assumption thereof. But this is, perhaps, a matter more proper to come up on the trial of the cause, when the plaintiff may be prepared with evidence to show their liability. I shall not dismiss the cause as to them, if the plaintiff sees fit to continue them in it.

Some other objections of a technical nature were made, which it is not necessary to notice. If the defendant's existence as a corporation has ceased, the plaintiff's judgment will be a vain thing. I see no evidence, however, that it has ceased; nor any evidence which convinces me that process has not been properly served upon it. The motion to dismiss is denied.

[NOTE. Plaintiff recovered judgment in this action, June 19, 1872, (unreported; opinion not now accessible.) See Barkley v. Board Levee Com'rs, 93 U. S. 258, affirming decision of United States circuit court for district of Louisiana, denying plaintiff's application for a mandamus to compel the assessment and collection of a tax for the payment of such judgment.]