## Case No. 5,155.

### FULTON v. GOLDEN.

[36 Leg. Int. 366; 20 Alb. Law J. 229; 9 Cent. Law J. 286; 25 Int. Rev. Rec. 321; 8 Reporter, 517; 4 Cin. Law Bul. 758; 12 Chi. Leg. News, 9; 2 N. J. Law J. 298.][1]

Circuit Court, D. New Jersey. Aug. 29, 1879.

E. F. Green, for petitioner.
J. A. Fulton, for respondent.

NIXON, District Judge. This is a motion to remand the above stated cause to the court of chancery of the state of New Jersey, whence it was removed under the act of March 3, 1875 [18 Stat. 470]. Two grounds are assigned for the motion: (1) Because the record does not show that this court has jurisdiction of the case. (2) Because the application for removal comes too late.

1. With regard to the first it is sufficient to observe that the petition alleges that the amount in dispute between the parties, exclusive of costs, exceeds the sum or value of five hundred dollars outlay, and that the con-

---

[1] [Opinion reprinted from 36 Leg. Int. 366, by permission. 8 Reporter, 517, contains only a partial report.]

troversy in said suit is between citizens of different states—the petitioner, who is the sole party defendant, being a citizen of Pennsylvania, and the sole complainant, a citizen of the state of Delaware. A bond in the penal sum of two thousand dollars, with two sureties residing in this state, was filed with the petition, and as no question was raised in the state court or here as to its sufficiency, it must be assumed to have been in compliance with the requirements of the law.

It was suggested in the argument that the cause should be remanded, because it did not appear that the state court made an order of removal. There is nothing in the act of March 3, 1875, requiring such an order and none is necessary. The jurisdiction of the state court over the cause terminates with the filing of the petition and bond. Taylor v. Rockefeller [Case No. 13,802]; McMurdy v. Life Ins. Co. [Id. 8,903].

2. Whether the application for removal was made too late depends upon the construction of the last recited act, which materially changed the law in this respect. Under the 12th section of the judiciary act [1 Stat. 73] the application was required to be made by the defendant, "at the time of entering his appearance in the state court." He waived his right to remove the cause after he had in any manner submitted himself to the jurisdiction. The several acts of July 27, 1866 [14 Stat. 306], and March 2, 1867 [Id. 558], enlarge the time, and under them the petition for removal might be made "at any time before the trial or final hearing of the cause or suit" in the state court. But the 3d section of the act of March 3, 1875 [supra], again restricts the power of removal in reference to the time, and requires the petition in the state court to be made and filed "before or at the term at which such cause could be first tried and before the trial thereof."

What is the meaning of the expression "could be first tried?" Does it mean "could be first tried," by the legislation of the state and the rules and practice of the state court, when the parties have been diligent in preparing the case for trial or hearing? or does it mean "could be first tried" after the parties have put in their pleadings and got the case at issue, and have closed their testimony, years, it may be, after the suit was commenced? If the latter, then the right of removal would seem to depend upon the diligence or want of diligence of the litigants, rather than upon any designation of time in the law itself. It must be confessed that the section is very defective in precision of expression or obviousness of meaning; but the change in the phraseology shows, that congress meant to abridge the right of removal and to fix a definite time within which it was to be exercised. If the construction is adopted which the defendant urges, it would be in the power of the respective parties to keep a case

pending through a series of years in the state court, by neglect to file the pleadings, or to conclude the taking of testimony, and then to procrastinate and still further delay the final hearing by removal to a federal tribunal.

The case under consideration affords abundant illustration of this. The bill of complaint was filed in the court of chancery of the state July 22, 1873, and the subpoena was returnable on the 5th of August following. The defendant put in the plea of the pendency of a suit between the same parties for the same cause of action in a court of law in the state of Pennsylvania, which the chancellor overruled, and the defendant was ordered to answer the bill within thirty days from the 9th of December, 1874. On the 13th of January, 1875, the answer was filed, and on the 16th of February following, the replication. The cause being thus at issue, February 16th, 1873, the rule of the court required that the complainant should begin to take testimony on his part within thirty days after issue joined, and conclude the same in thirty days (see 80th rule), within fifteen days thereafter, the defendant must commence taking testimony on his part and conclude the same in thirty days (rule 81). At the expiration of this time the complainant is required to proceed immediately, or by adjournment, not exceeding ten days, with testimony to rebut the testimony of the defendant, or to sustain testimony on his part impeached or contradicted by the defendant. The defendant may afterward produce counter-rebutting evidence on his part, but such evidence shall not be continued for more than five days on each side. Rule 83. By the 86th rule the time for taking testimony above limited shall not be extended except by written consent or by order of the court made upon notice. Under the provision of rule 15, if the complainant fails, within ten days after the expiration of the time to take the testimony, to notice the cause for argument, the defendant is entitled to an order, of course, directing the complainant to show cause why the defendant should not be permitted to notice the cause for argument and bring on the hearing thereof at the next stated term; and if cause be not shown to the contrary, the defendant is permitted to give the notice and bring on the hearing. The stated terms of the court are held on the first Tuesday of February, the third Tuesday of May, and the third Tuesday of October, annually. If the foregoing rules had been observed in taking the testimony the cause "could have been first tried" at the term of October, 1875. But it was not moved by either party, then, or afterward, although at least eight stated terms of the court intervened before the 31st day of May, 1878, when the petition for removal was filed. To hold that the application was in time would be to affirm that no term of the court of chancery had been reached during

these two and a half years, at which the cause could be tried under the legislation of the state and the rules of practice made pursuant thereto.

My attention has not been called to a case where the act has received construction, or where it has been necessary to give it a construction in this respect. But Judge Dillon, in his treatise on the Removal of Causes, p. 57, and more especially in Ames v. Colorado Cent. R. Co. [Case No. 325], strongly intimates that where under the local law and practice a case could have been finally heard at a stated term, a removal is not in time after the expiration of said term. Much support also is given to this view by the reasoning of Drummond. J., in Scott v. Clinton & S. R. Co. [Id. 12,527], in which the learned judge deplores the ambiguity of the language employed in the statute, but cites with approbation a decision of his own. that an application for removal comes too late where a term is suffered to elapse by consent of parties after the issue has been formed by the pleadings.

It is the judgment of the court that the petition for removal came too late. and the motion to remand the cause must prevail, and it is ordered accordingly.