BURDETT (UNITED STATES v.). See Case No. 14,684.

BURDICK (CORNING v.). See Case No. 3,-246.

## Case No. 2,147.

### BURDICK v. HALE et al.

[7 Biss. 96;[1] 8 Chi. Leg. News, 192; 1 Law & Eq. Rep. 246; 22 Int. Rev. Rec. 106.]

Circuit Court, D. Indiana. Feb. Term, 1876.

REMOVAL OF CAUSE FROM STATE TO FEDERAL COURT — ACT CONSTRUED — INSUFFICIENCY OF BOND—CONDITION OF BOND.

1. The jurisdiction of a state court over a controversy rightfully in its possession, cannot be dislodged except by fully complying with the requirements of the acts of congress authoriz-

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission.]

ing the transfer of causes from the state to the federal tribunals.

[Cited in Stoutenburgh v. Wharton, 18 Fed. 3. Cited, but not followed, in Harris v. Delaware, L. & W. R. Co., Id. 833. Distinguished in Kentucky v. Louisville Bridge Co., 42 Fed. 242.]

2. A bond given in pursuance of the act of March 3, 1875, in regard to removal of causes from the state to the federal courts, in which the place where the penal sum should have been inserted is left blank is insufficient; for although an undertaking to pay an indefinite amount would have satisfied the act, no sum being named as a penalty, no liability is created.

[Cited in Webber v. Bishop, 13 Fed. 50; Deford v. Mehaffy, Id. 491. Approved in Austin v. Gagan, 39 Fed. 628.]

3. Where the act requires that the condition of the bond shall be that the party removing the suit will enter in the circuit court of the United States, on the first day of its next session, a copy of the record in such suit, and for paying all costs that shall be awarded by said circuit court, and the condition in the bond given, is that plaintiff shall file in the circuit court "copies of all process," such bond is insufficient.

[See note at end of case.]

[This cause was removed to the circuit court, and the plaintiff moved to remand the same to the state court, which motion was granted.]

Edwin H. Lamme, for plaintiff.

Harrison, Hines & Miller, for defendant.

GRESHAM, District Judge. On the 15th day of December, 1869, judgment was rendered in the Marion civil circuit court in favor of the defendant, Julia Hunt, against her codefendant, Judson Hale, on her cross-complaint, in which she alleged that she was the owner of the note sued on by the plaintiff. On the 10th day of December, 1873, the supreme court of the state reversed this judgment and remanded the cause for a new trial. On the 14th day of October, 1874, the plaintiff, who was a citizen of the state of New York, filed his petition in the state court for the removal of the cause to this court, on the ground that from prejudice and local influence he would not be able to obtain justice in the state court, and with said petition he filed a bond.

On the 29th day of May, 1875, the state court, on the motion of the plaintiff, accepted the bond and ordered that no further steps be taken in the cause in that court.

The defendants now appear and move to remand. It will be observed that the application for removal was under the act of March 2, 1867 [15 Stat. 558, c. 196], and action by the state court was delayed on the same until after the passage of the act of March 3, 1875 [18 Stat. 470].

Was there such a compliance with the act of 1875 as divested the state court of jurisdiction?

The bond is penal in form, but the place where the penal sum should have been inserted is left blank. An undertaking to pay an

indefinite amount would have satisfied the act, but this instrument is not an agreement to pay anything. No sum being named as a penalty in the contract, it created no liability. But if the bond were not open to this objection, it is insufficient for other reasons. The condition is that the plaintiff shall file in the circuit court of the United States "copies of all process" in the action and cross-action.

Section 3 of the act of 1875, declares that the party entitled to remove the suit shall file with his petition for removal a bond, with good and sufficient surety, for entering in, the circuit court of the United States, on the first day of its next session, a copy of the record in such suit, and for paying all costs that shall be awarded by the said circuit court, if said court shall hold that said suit was wrongfully or improperly removed thereto. The act clearly requires that the party on whose petition the suit is removed shall give a bond to do more than file copies of the process in the federal court. The surety on this bond will be liable for no costs if this suit is sent back to the state court.

If, as was intimated in argument, the act of 1867 was not repealed by the act of 1875, the plaintiff is equally unfortunate, for he failed to comply with the requirements of that act by offering good and sufficient surety for his entering in the court copies of "all process, pleadings, depositions, testimony and other proceedings in said suit," and for doing such other appropriate acts.

But it was held in the Danville railroad case [Osgood v. Chicago, D. & V. R. Co., Case No. 10,604] 6 Biss. 330, that the act of 1875 repealed the act of 1867, and that ruling must be accepted as law in this district.

It will not do to say that the requirements of the act as to the filing of a petition and bond in the state court are merely directory, and that such defects in the bond as have been pointed out in this case may be cured by amendment in this court.

Congress has prescribed the mode for removing causes from the state to the federal courts. The federal courts have no power to dispense with, or modify, or change, any of the provisions of the statutes authorizing the removal of causes from one jurisdiction to the other. Unless the requirements of the act, which are jurisdictional pre-requisites, are substantially complied with, the power of the state court remains undisturbed. If in this case the requirements of the statutes have been substantially complied with, the state court has lost jurisdiction over the suit, and no amendment of the bond is necessary to complete the jurisdiction of this court. If, on the other hand, the requirements of the act have not been complied with, the suit is still in the state court, and there is nothing in this court to amend. The jurisdiction of the state court over a controversy rightfully in its possession, as in this case, cannot be dislodged except by fully complying with the requirements of the act of congress authorizing the transfer of causes from the state to the federal tribunals.

It was further urged in support of the motion to remand, that the suit having been once tried in the state court, it was too late to remove it to this court under the act of 1875. But in view of what has been already said as to the insufficiency of the bond, it is not necessary to rule upon that question.

The motion to remand is sustained.

[NOTE. Under the act of 1875, the bond need not be executed by the petitioners. Stevens v. Richardson, 9 Fed. 191; Public Grain & Stock Exchange v. Western Union Tel. Co., 16 Fed. 289. The provisions of the act, as to the bond, relate only to removals under that act. Gutwilling v. Zurberbier, 28 Fed. 721. Defects may be cured in the federal court. Beede v. Cheeney, 5 Fed. 388; Deford v. Mehaffy, 13 Fed. 481; Harris v. Delaware, L. & W. R. Co., 18 Fed. 833. Compare Torrey v. Grant Locomotive Works, Case No. 14,105; Act 1888; Overman Wheel Co. v. Pope Manuf'g Co., 46 Fed. 577. Defects or irregularity in form will be deemed waived after the lapse of 18 months, where the removal was by consent. Hervey v. Illinois Midland Ry. Co., 3 Fed. 707. After approval by the state court, the federal jurisdiction does not depend on the form or substance of the bond. Beede v. Cheeney, 5 Fed. 388. Nor will the court inquire into the sufficiency of the sureties after such approval. Van Allen v. Atchison, C. & P. R. Co., 3 Fed. 545; Stevens v. Richardson, 9 Fed. 191; Dennis v. Alachua Co., Case No. 3,791; The Removal Cases, 100 U. S. 457. And see Chambers v. McDougal, 42 Fed. 694. A condition that the petitioner will "do or cause to be done such other and appropriate acts," etc., complies with the statutory requirement for appearing in the federal court. Cooke v. Seligman, 7 Fed. 263. The bond must provide for the payment of costs. Sheldrick v. Cockcroft, 27 Fed. 579; Webber v. Bishop, 13 Fed. 49. But, if otherwise valid, it is enough if the penalty is sufficient to cover the costs likely to accrue. Kentucky v. Louisville Bridge Co., 42 Fed. 241. A bond which conforms to the requirements of the act of 1875 is sufficient in one of the cases as to which the act of 1875 is unrepealed. Farmers' Loan, etc., Co. v. Chicago, P., etc., R. Co., Case No. 4,665. The condition required by the act of 1875 is insufficient to remove for local prejudice. Sutherland v. Jersey City & B. R. Co., 22 Fed. 356. Under the act of 1887, the bond must be filed before the time of answering expires (Austin v. Gagan, 39 Fed. 626), and the court cannot direct it to be filed nunc pro tunc (Id.). Under the act of 1888, the bond need not contain a condition for the entry of defendant's appearance, when special bail was not originally demanded in the action. Burck v. Taylor, 39 Fed. 581.]