McMUNN (CURRAY v.). See Case No. 3,489.

## Case No. 8,903.

McMURDY v. CONNECTICUT GEN. LIFE INS. CO.

[6 Ins. Law J. 666: 4 Law & Eq. Rep. 69; [1] 9 Chi. Leg. News. 324; 4 Wkly. Notes Cas. 18; 24 Pittsb. Leg. J. 154.]

Circuit Court, E. D. Pennsylvania.    April 14, 1877.

REMOVAL OF CAUSES — PETITION — CITIZENSHIP — MOTION TO REMAND.

[1. The petition by defendant for the removal to the district court of a case from a Pennsylvania state court states that the defendant is a citizen of Connecticut, but does not state the citizenship of the plaintiff. This is fatal, and the case will be remanded upon motion.]

[2. The filing of a proper bond by the party petitioning for removal is a condition precedent to the removal of a case to the federal court. A bond which is not conditioned for costs in case the cause is remanded to the state court is defective, under Act March 3, 1875 (18 Stat. 471, § 3).]

[Cited in Torrey v. Grant Locomotive Works, Case No. 14,105; Farmers' Loan & Trust Co. v. Chicago, etc. R. Co., Id. 4,665: Deford v. Mehaffy, 13 Fed. 491. Followed in Webber v. Bishop, Id. 49; Harris v. Delaware L. & W. R. Co., 18 Fed. 834. Cited in Austin v. Gagan, 39 Fed. 628.]

[Cited in Stone v. Sargent; 129 Mass. 512.]

[3. A party is not guilty of laches who afterwards moves the federal court to remand a cause because he did not in the first instance oppose in the state court its removal.]

On May 20, 1876, the court of common pleas No. 4 granted a rule to show cause why the above cause should not be removed into the circuit court of the United States. On May 27, 1876, this rule was made absolute (not being opposed by defendant's counsel,) and a petition and bond for removal to the United States court were filed. On August 27, 1876, a certified copy of the record of the above suit in the court of common pleas No. 4 was filed in the circuit court of the United States for the Eastern district of Pennsylvania. The defendant had entered his appearance, but there were no pleadings. The petition stated that the defendant was a citizen of Connecticut, but did not state the citizenship of the plaintiff. The bond was not conditional for the payment of costs by the defendant, in case the circuit court should be of opinion that the cause had been improperly removed thither.    An affidavit

[1] [4 Law & Eq. Rep. 69, contains only a partial report.]

was handed up, stating that the plaintiff was, from the commencement of the suit to the present time, a citizen of Colorado.

A. Sydney Biddle (D. G. Eshlemon and James W. Paul with him), argued that the petition was fatally defective in not stating that the plaintiff and defendant were citizens of different states. The defendant was only entitled to remove this cause by virtue of being a citizen of a different state from the plaintiff. Non constat that he is a citizen of a different state from the defendant. It is a general rule that where jurisdiction depends upon statute, the jurisdiction must appear upon the record. This is not the case here. The record is fatally defective in this respect. and cannot be amended: (1) Because a correct petition is a condition precedent to the possibility of removal, and because now, as several terms have elapsed, the time for removal, the cause being legally still pending in common pleas No. 4, has elapsed. (2) Because when the suit was brought, and at the time the petition was filed, the plaintiff was a citizen of Colorado, which, until August 1, 1876. was a territory. Stat. 1875–76 [18 Stat. 470]. And it has been decided in a suit between a citizen of a territory, or of the District of Columbia, and a citizen of a state, that the controversy is not between citizens of different states. Hepburn v. Ellzey, 2 Cranch [6 U. S.] 445; Wescott v. Fairfield Tp. [Case No. 17,418]; Vasse v. Mifflin [Id. 16,895]; New Orleans v. Winter, 1 Wheat. [14 U. S.] 91. Moreover, the bond filed was fatally defective, and cannot now be amended, inasmuch as the legal removal depends upon a bond of a certain form being filed with the petition. The act of congress, under which all removals now take place, of March 3, 1875 (18 Stat. 471, § 3), requires the party removing the case to the circuit court to "make and file therewith (his petition) a bond with good and sufficient surety for his entering in such circuit court, on the first day of its then next session a copy of the record in such suit, and for paying all the costs that may be awarded by such circuit court, if such court shall hold that such suit was wrongfully or improperly removed thereto." The bond filed in this case was conditioned merely for the filing of a copy of the record of the proceedings in the state court upon the first day of the succeeding term of the circuit court in the latter court, and did not provide, as is required by the act of congress, for the payment of costs if the suit should be, as is the case here, improperly removed.

M. Arnold and W. S. Price, contra.

In regard to the bond, the misapprehension has arisen from supposing that the cause was removed under the act of March 3, 1875, supra. It was properly removed under the former act of March 2, 1867, § 1 (14 Stat. 558), which is not repealed by the act of 1875.

It may fairly be inferred from the petition that the parties were citizens of different states, inasmuch as the plaintiff brought the case in a state court of Pennsylvania, against a citizen of Connecticut. In any event, an amendment would be permitted allowing the defendant to aver that the plaintiff is a citizen of Pennsylvania, to test that question.

Before McKENNAN, Circuit Judge, and CADWALADER, District Judge.

McKENNAN, Circuit Judge (orally). It must always appear upon the record that the United States court has jurisdiction. This is not the case here, since it does not appear that the controversy is between citizens of different states. The inference contended for by the defendant cannot be made. For all that appears, the plaintiff may be a citizen of Connecticut or a citizen of a territory, in each one of which cases the cause would have been improperly removed. Apart from this, the bond filed is fatally defective. The act of 1875, supra, certainly takes the place of all former acts in the requirements which it makes for the removal of all causes to which it is applicable. The language of the act is: "Section 2. That in any suit * * * in which there shall be controversy between citizens of different states * * * either party may remove said suit into the circuit court of the United States for the proper district." "Section. 3 * * * That whenever either party entitled to remove any suit mentioned in the next preceding section shall desire to remove such suit from a state court to the circuit court of the United States, he or they may make and file a petition in such suit, * * * and shall make and file therewith a bond * * * for his entering in such circuit court on the first day of its then next session a copy of the record in such suit, and for paying all costs that may be awarded by such circuit court, if such court shall hold that such suit was wrongfully or improperly removed thereto." The requirements as to the nature of the bond, therefore, extend to all cases mentioned in the second section, and to that extent, at least, this act repeals all prior acts upon this subject. The filing of the bond conditioned as required by the act, is a condition precedent to the removal of the cause to this court. If the required bond has not been filed, this court has no jurisdiction; though it belongs to it exclusively, and not to the state court, to decide that fact.

Nor has the plaintiff been guilty of such laches as prevents him from having the cause remanded. This court cannot proceed unless it has jurisdiction, whatever the conduct of the parties may have been. Moreover, the plaintiff could have done nothing further than what has been done, except that he might have made this motion at the last October session instead of now, and by this the defendant has not been injured. The fact that the plaintiff did not oppose the removal from the state court, was not laches upon his part, since that court had no jurisdiction to decide the right of removal, that being wholly within the jurisdiction of this court.

For these reasons the rule nisi to remove is made absolute, and the cause is ordered to be remanded, the defendant to pay all the costs of the removal of the case to this court and of the remanding of the suit to the state court.