TORREY (BEARDSLEY v.). See Case No. 1,190.

---

## Case No. 14,105.

### TORREY v. GRANT LOCOMOTIVE WORKS.

[14 Blatchf. 269.] [1]

Circuit Court, S. D. New York. June 26, 1877.

REMOVAL OF CAUSES—BOND—COSTS—STATUTES.

A suit was brought in a state court, in August, 1875, and proceedings for its removal into this court were taken, under subdivision 3 of section 639 of the Revised Statutes. The bond given was such a bond as is provided for by section 639, and not such a bond as is provided for by section 3 of the act of March 3, 1875 (18 Stat. 470). It contained no provision for costs. *Held*, that the suit was not properly removed.

[Cited in Farmers' Loan & Trust Co. v. Chicago, P. & S. W. R. Co., Case No. 4,665;

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

Webber v. Bishop, 13 Fed. 49; Deford v. Mehaffy, Id. 491; Harris v. Delaware, L. & W. R. Co., 18 Fed. 833; Sheldrick v. Cockcroft. 27 Fed. 579; Austin v. Gagan, 39 Fed. 628; Kentucky v. Louisville Bridge Co., 42 Fed. 242.]

[Cited in Bates v. Baltimore & O. R. Co., 39 Ohio St. 167; Stone v. Sargent, 129 Mass. 512.]

[This was a suit by Samuel W. Torrey against the Grant Locomotive Works.]

Joseph H. Choate, for the motion.
George H. Forster, opposed.

BLATCHFORD, District Judge. Whether subdivision 3 of section 639, of the Revised Statutes is or is not repealed by the provisions of the act of March 3, 1875 (18 Stat. 470), I do not consider it necessary now to decide. Even if, when a suit is one between a citizen of the state in which it is brought and a citizen of another state, the latter may still, notwithstanding the act of 1875, and although the term at which the cause may be first tried has passed, remove the cause, on his petition, whether he be plaintiff or defendant, provided he files the petition in the state court before the trial or final hearing of the suit, and, before or at the time of filing said petition, makes and files in the state court an affidavit stating that he has reason to believe, and does believe, that, from prejudice or local influence, he will not be able to obtain justice in such state court, yet such a suit is a suit in which there is "a controversy between citizens of different states," within the language and meaning of section 2 of the act of 1875. That section, and subdivision 3 of section 639, of the Revised Statutes, apply, each of them, fully and distinctly, to the removal of a suit of a civil nature, at law or in equity, pending at the time of the passage of the act of 1875, or thereafter brought in any state court, where the amount or matter in dispute, exclusive of costs, exceeds the sum or value of $500, if such suit is a suit between a citizen of the state in which it is brought and a citizen of another state, and each of them authorizes its removal by the latter, whether he be plaintiff or defendant. Under subdivision 3 of section 639, the petition for removal may be filed at any time before the trial or final hearing of the suit, and there must be made and filed, before or at the time of filing the petition, the affidavit above mentioned. Section 639 provides, that, in order to such removal, the petitioner, in the cases mentioned in it, must, with his petition, offer surety of a specified character. This includes merely surety that he will enter in the federal court copies of proceedings and proceedings, and appear there and enter special bail, if requisite. It does not include a bond, with surety, for paying any costs. But section 3 of the act of 1875 provides, that, whenever either party entitled to remove a suit mentioned in section 2, shall desire to remove it, he may file a petition in the state court, for its removal, "before or at the term at which said cause could be first tried, and before the trial thereof," and shall file therewith a bond, not only for entering in the federal court a copy of the record in the suit, and for there appearing and entering special bail, but a bond "for paying all costs that may be awarded by the said circuit court, if said court shall hold that said suit was wrongfully or improperly removed thereto." The limitation of time within which the petition may be filed, and the fact that, under section 639, it may be filed at a later period than it can be under the act of 1875, has nothing to do with the character of the bond. The present suit is one which falls within the provisions of section 3 of the act of 1875, in regard to the terms of the bond required. It is a suit at law of a civil nature, brought in a state court, in August, 1875, the matter in dispute exceeds, exclusive of costs, the sum or value of $500, and it is a suit in which there is a controversy between citizens of different states. It is, therefore, a suit mentioned in section 2 of the act of 1875, and one of the parties to it has undertaken to remove it by filing his petition for removal in the state court. He may be in time, because within the time limited by subdivision 3 of section 639, although not within the time limited by section 3 of the act of 1875; but, even if he claims the benefit of the longer time allowed by section 639, he must give the bond prescribed by the act of 1875. He has not given such bond. The bond he filed contained no provision for costs.

It was held by Judges McKennan and Cadwalader, in McMurdy v. Connecticut General Life Ins. Co. [Case No. 8,903], that the act of 1875 takes the place of all former acts, in the requirements which it makes for the removal of all causes to which it is applicable; that, even though a removal was sought under section 1 of the act of March 2, 1867 (14 Stat. 558), embodied in subdivision 3 of section 639, of the Revised Statutes, the requirement of section 3 of the act of 1875, in regard to the nature of the bond, extends to such a case, as being a case mentioned in section 2 of the act of 1875; that, to that extent, at least, the act of 1875 repeals all prior acts on that subject; that the filing of the bond conditioned as required by the act of 1875, is a condition precedent to the removal of the cause to the federal court; and that, if the required bond has not been filed, that court has no jurisdiction, although it belongs to that court exclusively, and not to the state court, to decide that fact.

The plaintiff's motion to take from the files of this court the papers which the defendants have filed here is granted.