## WEBBER *v.* BISHOP and another.

*(Circuit Court, N. D. New York. 1882.)*

REMOVAL OF CAUSE—CONDITONS IN BOND.

It is essential that the bond contain a provision for the payment of costs, and the objection that it does not may be taken at any time.

*James Wood,* for motion.

*George Truesdale,* opposed.

COXE, D. J. This action was commenced in the supreme court of the state of New York. In June last, proceedings to remove it into this court were taken. This motion is to compel the treasurer of Monroe county to pay to the plaintiff the sum of $250, deposited as security for defendants' costs, pursuant to an order of the state court. Opposition is made solely on the ground that the cause was not properly removed. Various alleged irregularities are pointed out, only one of which will be considered. The bond filed with the petition of removal in the state court was drawn pursuant to section 639 of the Revised Statutes; it does not contain the provision as to costs required by section 3 of the act of 1875.

The defendants contend that this is a fatal omission, affecting the jurisdiction of this court; that it is not a mere irregularity, or a defect that can be cured by amendment.

The case of *Torrey* v. *Grant Works,* 14 Blatchf. 269, clearly sustains this view. In his opinion Judge Blatchford says, at page 270:

"The limitation of time within which the petition may be filed, and the fact that, under section 639, it may be filed at a later period than it can be under the act of 1875, has nothing to do with the character of the bond. The present suit is one which falls within the provisions of section 3 of the act of 1875, in regard to the terms of the bond required. It is a suit at law of a civil nature, brought in a state court, in August, 1875. The matter in dispute exceeds, exclusive of costs, the sum or value of $500, and it is a suit in which there is a controversy between citizens of different states. It is, therefore, a suit mentioned in section 2 of the act of 1875, and one of the parties to it has undertaken to remove it by filing his petition for removal in the state court. He may be in time, because within the time limited by subdivision 3 of section 639, although not within the time limited by section 3 of the act of 1875; but, even if he claims the benefit of the longer time allowed by section 639, he must give the bond prescribed by the act of 1875. He has not given such a bond. The bond he filed contained no provision for costs."

The learned judge further held, following a decision of Judges McKennon and Cadwalader, (9 Chi. Leg. News, 324,) that the require-

ment of section 3 of the act of 1875, in regard to the nature of the bond, extends to a case sought to be removed under section 639 of the Revised Statutes, and to that extent, at least, the act of 1875 repeals all prior acts on the subject; and that if the required bond has not been filed the court has no jurisdiction. See, also, *Burdick* v. *Hale*, 7 Biss. 96.

There is, apparently, no distinction in principle between the case of *Torrey* v. *Grant Works* and the case at bar. The reasoning in that case is decisive of the question here involved.

It is insisted that no advantage can be taken of a defect in the bond upon a motion of this character; that in order to avail themselves of it defendants must make a formal motion to remand the cause. Even if the plaintiff is correct in this view, it would, it seems, be the duty of the court, if convinced that the cause was improperly removed, to stay the proceedings until the defendants have had a reasonable opportunity to make this motion. But, upon the authority of the *Torrey Case*, the position is not well taken. The question there arose, not upon a motion to remand, but upon a motion, in effect, not unlike the motion here. The question being one of jurisdiction, the defendants can at all times take advantage of the defect. Should the case remain and the plaintiff succeed, if confronted with the same objection in the supreme court, it might lead to a reversal of his judgment.

The motion must be denied.