Upson, J.
The plaintiff claims that the court of common pleas properly overruled and denied the defendant’s petition for the removal of the suit to the circuit court of the United States, upon the following grounds:
1st. That the petition was not filed in the state court within the time required by law.
2d. That no testimony was given in that court to show that the sureties offered were good and sufficient; and
3d. That the condition of the bond filed with the petition is not in accordance with the law.
*164 ' In order to determine whether these objections to the removal of the suit are well founded, it is necessary to examine the Acts of Congress which provide for the removal of causes from the state courts. Section 639 of the Revised Statutes of the United States, in its first clause, provides that a suit against an alien, or by a citizen of the state wherein it is brought, against a citizen of another state, may be removed on petition of the defendant, filed at the time of entering his appearance in the state court.
In its second clause said section provides that when a suit is against an alien and a citizen of the state wherein it is brought, or is by a citizen of such state against a citizen of the same and a citizen of another state, it may be so removed, as against said alien or citizen of another state, upon the petition of such defendant, filed at any time before the trial or final hearing of the cause, if so far as it relates to him, it is brought for the purpose of restraining, or enjoining him, or is a suit in which there can be a final determination of the controversy, so far as concerns him, without the presence of the other defendants as parties in the cause.
The third clause of said section is as follows: “When a suit is between a citizen of the state in which it is brought, and a citizen of another state, it may be so removed on the petition of the latter, whether he be plaintiff or defendant, filed at any time before the trial or final hearing of the suit, if before or at the time of filing said petition ho makes and files in said state court an affidavit stating that he has reason to believe, and does believe, that from prejudice or local influence he will not be able to obtain justice in such state court. ”
Section 639 then provides as follows: “In order to such removal the petitioner in the cases aforesaid must, at the time of filing his petition therefor, offer in said state court, good and sufficient surety for his entering in such circuit court, on the first day of its session, copies of said process against him, and of all pleadings, depositions, testimony and other proceedings in the cause, or, in said cases where a citizen of the state in which the suit is brought is a defendant, copies of all process, pleadings, depositions, testimony and other proceedings in the *165 cause concerning, or affecting the petitioner, and also for his there appearing and entering special bail in the cause, if special bail was originally requisite therein. ”
In 1875 Congress passed the act entitled, “ An act to determine the jurisdiction of the circuit courts of the United States, and to regulate the removal of causes from state courts, and for other purposes. ” United States Statutes at Large, vol. 18, p. 470. This act does not specifically repeal any previous act, but has the general provision, “ That all acts, and parts of acts, in conflict with thp provisions of this act, are hereby repealed,” and the plaintiff insists that the third clause of section 639 is thereby repealed, and that the suit could only be removed on a petition filed in the state court, “ before, or at, the term at which said cause could be first tried, and before the trial thereof, ” as provided in the act of 1875. This act was intended by Congi-ess as a revision of many previous acts upon the same subject, and there has been much difference of opinion in the federal courts as to the extent to which it is a substitute for those acts or parts thereof; but its effect in relation to the first, second, and third clauses of section 639 has been conclusively determined by the supreme' court of the United States. In the case of King v. Cornell, 106 U. S. 395, it was decided that the first and second clauses of that section were in conflict with the act of 1875, and were therefore repealed. In the case of the American Bible Society v. Grove, 101 U. S. 610, it was held that the" act of 1875 has not changed the third clause of section 639, and that removals on account of “ prejudice or local influence ” still depend on that section. The provision that a petition for removal on that ground may bo filed at any time before the trial or final hearing of the cause, must therefore be regarded as still in force, and in this case the petition was filed before the final trial.
In reference to the objection to the acceptance of the bond for the reason that no evidence was given that the sureties thereon were good and sufficient,, it is enough to say that the decisions are nearly, if not quite, uniform, that this objection is waived if not made in the state court, at the time of the application for removal. It does not appear that the plaintiff required *166 such proof, and. we hold that the action of the court of common pleas could not be sustained on that ground.
The most serious question in the case is in reference to the bond offered by the defendant. The petition expressly states that the application for removal is made in pursuance of the provisions of section 039, and upon examining the bond filed with the petition it will be found that its condition is in accordance with the requirements of that section, but is substantially different from that required by the act of 1875, in several important particulars, but especially in omitting, the provision “ for paying all costs that may be awarded by the said circuit court, if said court shall hold that such suit was wrongfully, or improperly, removed thereto.” It is insisted by the defendant that in a ease in which the petition for removal is in accordance with the provisions of section 639, the case is also to be governed by the provisions of that section in reference to the security required. The plaintiff claims that the provisions of the act of 1875, so far as they relate to the bond to be given by the petitioner, are substituted for the requirements of section 639, and are to be observed in all cases of removal under that section.
The proper construction of the act of 1875, in this respect, is by no means free from doubt, but no reason is apparent for requiring security for the payment of costs in cases removed under the last act, and not in those removed under the former; and upon considering the different provisions of the two statutes, upon this subject, wo are led to the conclusion that, in regard to the bond required, the act of 1875 was intended as a substitute for, and repeals, that part of section 639 which provides for the security to be given by the petitioner. This point has not been decided, so far as we are aware, by the Supreme Court of the United States, but has been determined by circuit courts in a number of cases. In the case of McMundy v. Connecticut General Life Insurance Compaña/, 9 Chicago Legal News 324, Judges McKennan and Cadwalader held that the act of 1875 takes the place of all former acts in the requirements which it makes for the removal of all causes to which it is applicable; that even though a removal is sought under the third clause of section 639 of the *167 Revised Statutes, the requirement of section 3 of the act of 1875, in regard to the nature of the bond, extends to such a case, as being a case mentioned in section 2 of that act, which to that extent,, at least repeals all prior acts on that subject. This case was approved in the case of Torrey v. Grant Locomotive Works, 14 Blatchford Rep. 269, in which Judge Blatchford held that even if the petitioner claimed the benefit of the longer time allowed by section 639, he must give the bond prescribed by the act of 1875, and that the bond filed in' that case was insufficient because it contained no provision for. costs. This point was also decided in the same way, in the case of Webber v. Bishop, 13 Federal Reporter, 49, in the circuit court of the northern district of New York.
No case has been cited in which a contrary decision has been made.
If then it is considered that the bond in this case is not in accordance with law, we are next to consider whether, for that reason, the state court was justified in refusing to accept it, and thereupon proceeding to trial and final judgment. Upon this point we are satisfied that the action of the court of common pleas is sustained by the decided weight of authority, as well as the general principles of law. A reasonable regard for the rights of the opposite party requires of the petitioner a substantial compliance with the condition imposed by the act of Congress, before he avails himself of the privileges which it confers. This point has also frequently been the subject of judicial decision. In the case - of Torrey v. Grant Locomotive Works, supra, it was held that where the bond contained no provisions for costs the suit was not properly removed. In the case of McMundy v. Connecticut General Life Insurance Company, supra, it was held that the filing of the bond conditioned as required by the act of 1875, is a condition precedent to the removal of the cause to the federal court, and that if the required bon'd has not been filed, that court has no jurisdiction.
In the case of Burdick v. Hale, in the circuit court for the District of Indiana, 7 Bissell, 96, although the state court had accepted the bond, and ordered that no further steps be. taken *168 in the cause in that court, Judge Gresham held, on a motion to remand the case, that, as the bond contained no provision for the payment of costs, the surety would be liable for no costs if the suit should be sent back to the state court j that the defects in the bond could not be cured by amendment in the circuit court; that the federal courts have no power to dispense with, modify or change any of the provisions of the statutes authorizing the removal of causes from one jurisdiction to the other, and that the jurisdiction of the state court over a controversy rightfully in its possession, as in that case, could not be dislodged except by'fully complying with the requirements of the act of Congress.
Other decisions to the same effect might he cited. We are of opinion that the court of common pleas would not have been justified in accepting the bond offered by the defendant.
Judgment of the district court reversed, and that of the court of common fleas affirmed.