## HARRIS *v.* DELAWARE, L. & W. R. Co.

*(Circuit Court, D. New Jersey.   January 7, 1884.)*

REMOVAL OF CAUSE—ACT OF 1875—DEFECTIVE BOND—AMENDMENT.

 The formalities prescribed by the removal act of 1875 are not conditions precedent to the jurisdiction of the federal courts, and a defect in the bond required by that act may be cured by the substitution of a new bond upon motion in the federal court to amend.

 *Deford* v. *Mehaffy,* 13 FED. REP. 481, followed.

On Motion to Remand.

*N. Harris,* for plaintiff.

*J. G. Shipman,* for defendant.

NIXON, J.   This action was originally brought in the circuit court for the county of Warren, in the state of New Jersey.   After the filing of the declaration and before any plea or demurrer, the defendant corporation presented to the state court a petition for the removal of the cause into this court, under the act of March 3, 1875. The petition was accompanied with a bond which was duly approved by the state court, and an order for the removal entered in the minutes.   The record was filed in this court on the first day of the present term, and the counsel of the plaintiff forthwith gave notice of a motion to remand on the ground of the insufficiency of the bond. The defect complained of is that the bond was not executed to the plaintiff in the suit, but to one Augustus Laubach, a stranger to the record, and whose name nowhere appears in the proceedings other than in the penalty of the bond.   An explanation was made on the argument that there was another suit pending in the Warren circuit court against the same defendant, in which Augustus Laubach was plaintiff, and the clerk, in drawing the bond, confounded the names of the parties.   The defendant meets the motion to remand by a counter-motion that he be allowed to amend by the substitution of a new bond.

The case presents for consideration the question whether there is power in this court to retain the cause, and allow the correction of such a mistake and error in the bond, or whether the lack of a sufficient bond deprives the court of jurisdiction over the proceedings.   It involves the construction of the third section of the removal act of 1875, the meaning of which, in this respect, has never received any authoritative adjudication by the supreme court.   The views of the different circuit courts are conflicting.   There is a number of cases which hold that the requirements of the act are jurisdictional prerequisites, and unless complied with, the cause, whose removal is attempted, remains in the state court.   See *Burdick* v. *Hale,* 7 Biss. 96; *Torrey* v. *Grant Locomotive Works,* 14 Blatchf. 269; *McMurdy* v.

*Life Ins. Co.* 4 Weekly Notes Cas. 18; *Webber* v. *Bishop*, 13 FED. REP. 49; Field, Fed. Courts, 156, 167.

In *Burdick* v. *Hale, supra,* there was a motion to remand the cause to the state courts, on the ground that the bond, although penal in form, had no sum written in the blank left for the penalty to be inserted. The learned judge (GRESHAM) held that the defect was not curable by amendment in the federal court. He asserted that "the federal courts have no power to dispense with, modify, or change any of the provisions of the statutes authorizing the removal of causes from one jurisdiction to the other. Unless the requirements of the act, which are jurisdictional prerequisites, are substantially complied with, the power of the state court remains undisturbed. If in this case the requirements of the statute have been substantially complied with, the state court has lost jurisdiction over the suit, and no amendment of the bond is necessary to complete the jurisdiction of this court. If, on the other hand, the requirements of the act have not been complied with the suit is still in the state court, and there is nothing in this court to amend."

Judge BLATCHFORD seems to have taken the same view in *Torrey* v. *Grant Locomotive Works, supra,* where the defect was in the condition of the bond, which contained no provision for the payment of costs as required by the act of March 3, 1875. He held that the filing of a bond complying with all the requirements of the statute was a condition precedent to the removal of the cause, quoting and following the judges of this circuit in the Eastern Pennsylvania district in the case of *McMurdy* v. *Life Ins. Co., supra.* These decisions were quoted and relied upon by Judge COXE in the circuit court for the Northern district of New York, in *Webber* v. *Bishop, supra.* The question was not raised in that case on any motion to remand, but the learned judge said that was not necessary for the action of the court, as the question was one of jurisdiction, and the defendant was at all times allowed to take advantage of the defect.

Field, in his recent treatise on the Jurisdiction of the Federal Courts, discussing the subject of the removal of causes, says in section 178, (page 156:) "There is no right to a removal until a good petition and sufficient surety are filed in the state court. Those are the conditions precedent to the right of removal," etc. And again, in section 190, (page 167:) "If the bond is manifestly defective, as where no sum for the penalty is inserted, this would be ground for remanding the cause to the state court, from which it came."

But, on the other hand, other judges have held that the jurisdiction of the federal courts is in nowise dependent upon the instrumentalities which congress may happen to devise to facilitate the removal of a cause from one court to the other; that the subject-matter of the controversy, the citizenship of the parties, and questions arising under the constitution and laws of the United States determine jurisdiction; and that when the record of the case discloses the existence

of either of these, the federal court has authority to retain the suit, and power, by proper proceedings, to cure all defects that may exist in the petition or bond which are filed to procure the removal; that copies of these constitute a part of the record and are of the nature of pleadings, and fairly come within the provisions of sections 948 and 954 of the Revised Statutes in regard to amendments.

It is conceded that the state courts may refuse to grant an order to remove a cause if the applicant has not strictly complied with the requirements of the act of congress respecting removals. And so the federal court may decline to hold the suit when any defects appear in the use of the methods prescribed to effectuate the removal. But this does not quite reach the question. Are such defects, when discovered, so fatal that there is no power in the court to authorize the party in default to remedy them? In other words, is a citizen to be deprived of his constitutional right to have his case tried in a federal court when he stands ready to do all that the law requires of him in order to have the controversy transferred thither? Although the point has not been adjudicated by the supreme court, there are two or three cases where hints are dropped and suggestions made which indicate what its decision will be when it arises. Thus, in *Gold Washing & Water Co.* v. *Keyes*, 96 U. S. 201, where the question was whether the petition filed for the removal of the cause disclosed that the construction of a law of the United States was involved in the controversy, the supreme court affirmed the judgment of the circuit court remanding the cause to the state court, and, in its opinion, said:

"It is well settled that in the courts of the United States the special facts necessary for jurisdiction must, in some form, appear in the record of every suit, and that the right of removal from the state courts to the United States courts is statutory. A suit commenced in a state court must remain there until cause is shown under some act of congress for its transfer. The record in the state court, which includes the petition for removal, should be in such a condition when the removal takes place as to show jurisdiction in the court to which it goes. If it is not, *and the omission is not afterwards supplied*, the suit must be remanded."

Here is a plain intimation that any omission which appears in the petition may be supplied. What reason can be suggested that the same privilege should not be extended to the supplying of omissions in the bond?

In *Beede* v. *Cheeney*, 5 FED. REP. 388, Judge MCCRARY held that in cases of removal the jurisdiction of the federal court did not depend on the form or substance of the bond approved by the state court. "If," said the learned judge, "the statute in other respects is complied with, and a copy of the record is filed here in accordance with the statute, the removal is complete." And if complete, what shall hinder the federal court from allowing the petitioner to cure defects in his bond, by amendment?

In *Deford* v. *Mehaffy*, 13 FED. REP. 481, HAMMOND, J., sitting in

the circuit court of the United States for the Western district of Tennessee, was of the opinion that if the removal bond was defective, and omitted the condition for the payment of costs required by the act of congress, the omission was not fatal to the jurisdiction of the federal court; that the defect might be cured by amendment, either in the state or federal court or by the substitution of a new bond, containing the proper conditions, and filed *nunc pro tunc*. He conceded that the question was unsettled, and that there were conflicting opinions in the several circuit courts, but concluded his able and suggestive opinion by holding (1) that the only essential jurisdictional facts in removal cases) are the existence of a controversy between citizens of different states, or one arising under the constitution and laws of the United States, of the character and amount described in the statute; (2) that a perfect petition for removal and a perfect bond for removal, or a strict compliance with the regulations of the statute, are not absolutely essential as jurisdictional requirements, but only matter of practice, directory in their nature and not imperative, regulations that should be carefully followed and reasonably enforced by the courts, but, after all, regulations that are protected by the statutes, authorizing amendments that may be allowed by the courts to cure defects and omissions, as in other pleadings and proceedings, and that these defects and omissions are not fatal to the jurisdiction; (3) that these amendments may be made in either the state courts or the federal courts, according to their practice, respectively.

Indorsing these views, the motion to remand is refused, and the defendant is authorized to amend by the substitution of a new bond in the form required by the statute, and to file the same *nunc pro tunc*. Upon failure for 15 days to amend, the plaintiff will have leave to renew his motion to remand.