' No. 10,915.

NEW ORLEANS, FORT JACKSON & GRAND ISLE RAILROAD COMPANY vs. EUGENE RABASSE.

Act of Congress of August 13, 1888, authorizing the removal of causes to the Circuit Court of the United States on the ground of local prejudice, makes no provision for a removal by an alien.

One of the conditions of the bond for removal is that the principal shall pay all costs that may be awarded, if said court should hold that the suit was wrongfully or improperly removed. A bond without that condition is defective.

The verdict of a jury is responsive to the issues when rendered with reference to the pleadings.

The verdict is presumed to be correct. The party who wishes it set aside has the *onus* of establishing that it is incorrect.

In expropriation proceedings the jury of freeholders have, to some extent, the character and authority of experts.

Although their finding is not conclusive, it must be given due weight.

APPEAL from the Twenty-fourth District Court, Parish of Plaquemines. *Livaudais, J.*

*Chas. Louque* for Defendant and Appellant. Cited: 122 U. S. 513; 16 Peters, 104; 19 Wall. 214; 100 U. S. 457; 104 U. S. 5.

*James Wilkinson* for Plaintiff and Appellee:

Defendant can not remove a cause to the United States Court on the ground of local prejudice, unless he alleges that he could not obtain justice in the court *a quo*, or in *any other State court*, to which the defendant had a right under the present State law to remove this cause. Act of Congress, August 13, 1888; Secs. 3901 to 3910, R. S. of La.

The bond for removal must be framed in accordance with the above law.

Evidence taken without objection on the trial of the application to remove will constitute part of such application, and where defendant's sworn statements contradict the affidavit annexed to his petition, the application to remove will be overruled. Collated authorities, Louque's Digest, p. 234.

Where defendant and his agents lately appeared before the Board of Reviewers and swore that their property, with improvements, was only worth $3000; a demand of $7780 for one-fiftieth (1-50) part of the same in this suit will be considered as frivolous.

The jury gave the plaintiff really more than the evidence warranted.

Railroad Co. vs. Rabasse.

The opinion of the court was delivered by

BREAUX, J. This suit was brought to expropriate a road over the land of defendant. The land sought to be expropriated is part of a tract measuring five arpents front on the Mississippi river, by forty arpents in depth. ·

Plaintiff avers that it measures twenty-five feet in width and in all contains eighty-three one–hundredths of an acre, for which the company offered fifty dollars, and claims the increased value to defendant's property, resulting from the building of the railroad, as an offset for any damage sustained by him.

Plaintiff, in the petition, sets forth that the improvements on the right of way consist of thirty orange trees.

The defendant, alleging that he is a citizen of the Republic of France, applied for the removal of the cause. He avers in his brief '' that before going on with the trial, defendant filed his petition for the removal of the cause to the Circuit Court, on the ground of local prejudice, as is provided for by the act of Congress of 1888.'' 25th Statutes at Large.

In a supplemental brief it is argued that there is no good reason why an alien should not be included in the denomination of '' a citizen of another State.''

Extract from the said statute reads: '' Any defendant, being such citizen of another State, may remove such suit into the Circuit Court of the United States, for the proper district, at any time before the trial thereof, when it shall be made to appear to said Circuit Court that from prejudice or local influence he will not be able to obtain justice in such State court, or in any other State court to which said defendant under the laws of the State has the right on account of such prejudice or local influence to remove said cause.''

The conditions of the bond for removal are that the principal shall file full and complete copies of all pleadings and other proceedings in the case in the Circuit Court of the United States, at its next session, and shall pay all costs that may be awarded.

The plaintiff controverts defendant's application for removal on the ground that he has not alleged that he could not obtain justice in the court a qua, or in any other court.

That the bond for removal is not framed in compliance with law.

That evidence was taken, without objection, in the trial of the application to remove, which disproved the affidavit.

The application for removal was overruled.

The act of Congress of August 13, 1888, authorizing the removal of causes on the ground of local prejudice requires the affiant to state that he could not obtain justice in the court a qua, or in any other State court to which the defendant had a right under the present State law.

Sections 3901 and 3902, R. S., provide a change of venue in civil cases.

Evidence was heard, as alleged.

On the subject of removal, we limit our decision to the following:

In the several laws relating to the removal of causes from the State to the Circuit Courts the words " citizens of a State " are used as designating citizens of one of the commonwealths of the federal republic.

The word " State " is used as distinguishing the States of the American Union, and do not designate foreign countries.

The act adopted in 1888 is similar to that adopted March 2, 1867, in so far as relates to the citizenship of the applicants.

With reference to the latter, we find in Spear on the Law of the Federal Judiciary, p. 469, " that there is no provision for a removal by an alien under this act."

The bond furnished does not secure the payment of costs. This, by the act in question, is made one of the conditions of the transfer.

On that subject, in Meyer vs. Construction Co., 100 U. S. 457, it was held that

" Nothing was, therefore, to be secured by the bond, but the filing of the transcript in the Circuit Court * * * and the payment of any costs as required by statute."    Meyer vs. Construction Co., 100 U. S., p. 457; Field's Federal Court, Sec. 177.

The amount of the penalty and the required conditions should be inserted in the bond; until then there is no right of removal. *Ib.*

We affirm the overruling of the application for removal.

The plea in reconvention is referred to in argument and it is urged that the defendant's evidence, in its support, should have been admitted.

The records do not contain any bill of exceptions or any proof that evidence was offered to sustain that plea or that the Court made any ruling whatever in the matter.

The plea is therefore not before us for decision.

In compliance with an order issued under Section 148 of the Revised Statutes, a jury was drawn and the case was tried.

The verdict was for plaintiff, expropriating the right of way, and for the defendant for the sum of fifty dollars, value of the land, and the further sum of $200 and costs.

From the verdict and the judgment of the court, defendant prosecutes this appeal.

The road is twenty-five feet in width and the area sought to be expropriated is eighty-three one-hundredths of an acre; it passes in the rear of the dwelling, at a distance between 100 and 200 feet, through the stable lot, changing its dimensions and touching the stable.

From the upper line of defendant's place the road curves to the rear.

This direction was followed to avoid the unsafe caving bank of the river.

The records do not disclose that the jury have overlooked the fact that the said curve gave an irregular shape to the front of the place, or that they have overlooked the allegations of the damages it occasioned, and the evidence on the subject.

The defendant contends that the law of expropriation is such that a railroad company can not expropriate lands through a yard garden and other appurtenances, unless the jury shall find by their verdict that the line of the proposed railroad can not be diverted from that proposed by the company without great public loss or inconvenience. R. S. of 1870, Sec. 1486.

The plea authorized by this section of the statute was clearly presented by the defendant.

The testimony shows that there was a caving point which made it necessary to leave the river and run further to the rear.

To reach their conclusion, the jury must have considered this testimony as true.

While the verdict does not set forth in so many words the finding as contained in the law, it does in effect by returning for the expropriation as proposed.

Construed with reference to the pleadings and the testimony the verdict is responsive to the issues.   Downs vs. Scott, 3. Rob. 88.

The value of the orange trees within the road's limits is one of the issues.

The following is a summary of the testimony, both as to the value of the trees and of the land expropriated:

The superintendent of the road testifies that there were on the land twenty-nine or thirty trees, large and small, valuable and valueless; of the valuable there were only four or five.

The second witness, a notary public, employed in that capacity by the plaintiff, testified that the value of property in the vicinity of the defendant's place has been enhanced 25 or 30 per cent. by the building of the road of the plaintiff's company.

He states that the number of trees cut down were 35; that 17 of them were not bearing and were worth about 45 cents each; that the land sought to be expropriated was worth $50.

The third witness, a manager of a plantation near the defendant's, testifies that the value of land in the vicinity has been enhanced by the building of the road.

The fourth witness, a surveyor, called by the defendant, testifies that there were seventy-four trees of different sizes on the road lines, some measuring in diameter as many as twelve inches, others one inch.

The fifth witness only knew that there were some large and some small orange trees on the place.

The sixth witness, a dealer in oranges, testifies that he offered $1500 for the orange crops on this and another of defendants' places, or $2000 if he would consent to deduct whatever damages to the crop would be made by the railroad company by the expropriation.

The offer was not accepted.

This testimony loses importance in establishing the value by the additional statement of the witness that he, at the time, made a rough calculation, and did not know the number of trees that would be cut down.

The defendant testifies in general terms in his behalf, and at most corroborates the allegations of his petition.

Such being the testimony we have not reached the conclusion that the verdict is erroneous.

A verdict is presumed to be correct. The party who wishes it set aside has the onus of establishing its incorrectness.

We have not concluded that there is error in the findings.

The members of the jury, it is fair to presume, knew something of the value of orange trees.

The question is one of fact, of which they should be competent judges after having heard the testimony of witnesses.

In a recent case we have had occasion to hold:

" It has long been held in this State that the jury of freeholders, authorized by our laws to act in expropriation proceedings, have to some extent the character and authority of experts, supposed to have some personal knowledge of the matters submitted to them, and authorized to rely on their own opinions as well as on the testimony adduced before them. Their verdicts are indeed subject to review by appeal and may be amended when manifestly inadequate or excessive; but they are entitled to great respect and will not be interfered with, except in case of gross or manifest error." Telegraphic Cable Company vs. Railway Company, 43 An. 525.

As in the case from which we quote we deem it proper to rely upon the verdict of a jury who, in the discharge of their functions, and from their personal knowledge, were enabled to decide as to the weight of the testimony of the witnesses who appeared before them.

Judgment affirmed.