# W. B. HAYES, PLAINTIFF IN ERROR, VS. MARY A. TODD, DEFENDANT IN ERROR.

| 34 | 233 |
| 35 | 209 |
| 34 | 233 |
| 36 | 111 |
| 34 | 233 |
| 38 | 64 |
| 34 | 233 |
| 43 | 578 |
| 34 | 233 |
| 46 | 226 |

1. An assignment of error submitted without argument will be considered as abandoned.
2. A petition for removal of a case from a State court into a United States Circuit Court, made by a non-resident defendant, need not state the citizenship of the plaintiff when the same clearly appears of record in the case.
3. A petition and bond upon an application to remove a case from a State court to a Federal court, are based upon a right purely statutory, and must in their terms strictly comply with the provisions of the statute before the State court is ousted of its jurisdiction. The State court has a legal discretion to decline to accept the petition and bond when they are not in compliance with the statutory requirements, and to retain jurisdiction of the case.
4. Upon an application for removal of a case to the United States court, it is not necessary for the State court to make any order of removal. Upon the filing of the proper bond and petition the case is *eo instanti* removed; but until there is such a bond and petition filed the jurisdiction of the State court is undisturbed.
5. The court below made an order upon an application for removal as follows: "Being satisfied that the party defendant is within the provisions of the statute of the United States providing for the removal of causes, and therefore entitled to the order prayed for, it is ordered that upon petitioner's executing a good and sufficient bond as required by law. to be approved by the clerk of this court, it is ordered that the cause be transferred to the U. S. District Court at Tampa, Florida." No bond, after the order, was filed that complied with the condition of the order: *Held*, That the order was inoperative to divest the State court of its jurisdiction, and that it was no error to afterwards rescind the same.
6. A judgment will not be reversed because the court in its charge to the jury uses language that is intemperate and seems to evince feeling in the matter, where there is no objection that the instruction complained of is erroneous as a matter of law, and a verdict and judgment against the defendant is the only one that could have been rendered according to the law and the evidence in the case.

Writ of error to the Circuit Court for Polk county.

The facts of the case are stated in the opinion of the court.

*Wall & Knight* for Plaintiff in Error.

*Crosier & McDermott* for Defendant in Error.

LIDDON, C. J.:

Mrs. Todd brought an action of slander in the Circuit Court of Polk county against Hayes, the plaintiff in error. The declaration alleged that Mrs. Todd, the plaintiff, was at the time of the filing of the same, and had been for over one year previously, a *bona fide* citizen of Polk county, Florida. On the rule day in June, 1889, being the same at which the defendant was required to plead to the declaration, he filed a petition praying for removal of said case to the United States Circuit Court for the Southern District of Florida. The petition was in the usual form required by the statutes of the United States. As a ground of removal of the cause it alleged that the defendant Hayes was, at the time of filing said petition a citizen of the State of New York, and that he was a citizen of said State at the time of the commencement of said suit. The petition further alleged that the amount involved in the case exceeded the sum of $2,000, exclusive of interest and costs, and that the petitioner files therewith a bond as in such cases is required by the statute. The defendant on the same day (June 3rd, 1889) filed his bond upon removal, but whether such bond was actually filed before or after the order of removal hereinafter set forth, is not clearly shown by the record. This

bond was in the sum of $2,000. The condition of it is as follows: "Whereas the said Mary A. Todd has filed a suit in the Circuit Court of said State and county, in which she claims to have been damaged by the defendant, W. B. Hayes, and the principal in this undertaking, in the sum of $10,000; now the said W. B. Hayes alleges and claims through his attorneys at law, Sparkman & Sparkman and Samuel T. Fletcher, that he is a citizen of the State of New York, and that the amount involved in said suit exceeds the sum of $2,000, exclusive of interest and costs of said suit, therefore prays a removal of said cause to the United States District Court, in and for the 5th Judicial Circuit for the Southern District of Florida, to be held at Tampa, in said State; now, if the said W. B. Hayes shall pay or cause to be paid all costs that may accrue in consequence of the improper removal of said cause, and well and truly enter his appearance in the said United States Court, then this bond is to be void; otherwise to remain in full force and virtue." On the same day (June 3rd, 1889) the Circuit Judge made an order as follows: "This petition came on to be heard, and the court being satisfied that the party defendant is within the provisions of the statutes of the United States providing for removal of causes, and therefore entitled to the order prayed for, it is ordered that upon petitioner's executing a good and sufficient bond as required by law, to be approved by the clerk of this court, it is ordered that the cause be transferred to the U.S. *District* Court at Tampa, Florida." On the same day this order was made, the plaintiff by her attorneys moved the court to set aside and annul the same upon several grounds, of which it is only necessary to notice the second and third. The second ground of said motion was, that "the petition of said defendant for

the removal of said cause is not sufficient in point of law to entitle him to said order;'' and the third ground was, that ''the bond of petitioner is irregular in form, improperly executed, and insufficient in law.'' By agreement of counsel, argument upon the aforesaid motion was deferred until June 11th, 1889, on which day it was postponed until the 12th. On June 15th, 1889, the court made an order vacating the order of removal of June 3rd, 1889, upon the ground that the same was improperly or inadvertently granted. The Circuit Court then proceeded in the case. The defendant filed a plea of not guilty, upon which a trial was had and a verdict rendered for plaintiff for $2,500, and judgment for said amount and costs entered thereon. The defendant in further stages of the case protested against proceedings in the State court, on the ground that the case had been properly removed to the U. S. Circuit Court, and that the State court had lost jurisdiction of the same. A motion for a new trial was made on behalf of the defendant and refused. Such of these grounds as are presented to the court by the brief of plaintiff in error will be considered in the course of this opinion.

The plaintiff in error makes eight assignments of error. In his brief he argues only three of them. In accordance with the rule laid down in this court, we consider all assignments not argued as abandoned, and we consider only those contended for by argument in the brief for plaintiff in errror. Jacksonville, Tampa & Key West Ry. Co. vs. Peninsular Land, T. & M. Co., 27 Fla., 1. 9 South. Rep., 661; Everett vs. State, 33 Fla., 661, 15 South. Rep., 543; Clarke vs. Southern Express Co., 33 Fla., 617, 15 South. Rep., 252; Meinhard Bros. & Co. vs. Mode, 22 Fla., 279.

The first and second assignments of error are predicated upon the Circuit Court maintaining jurisdiction of the case after the petition and bond for removal to the United States Court were filed, and in revoking the order of removal which it once made in the case. It is contended by the defendant in error that the petition for removal does not show, as required by the United States statutes, that the plaintiff is a citizen of the State of Florida, or that she is not a citizen of the same State with the defendant. While the citizenship of the plaintiff is not stated in the petition for removal, it sufficiently appears in the record of the case, for in her declaration she alleges that she is a *bona fide* citizen of Polk county Florida. This renders an allegation of her citizenship in the petition unnecessary. Foster's Federal Practice, sec. 385; Bondurant vs. Watson, 103 U. S., 281; Steamship Company vs. Tugman, 106 U. S., 118. Other objections are urged against the petition which we think it unnecessary to consider. We are of the opinion that the petition was in due form.

The next question is as to the sufficiency of the bond. The statutes of the United States regulating the subject of removal of cases from the State courts into the United States courts is the act of Congress of March 3rd, 1887, page 552, *et seq.*, Chapter 373, statutes of the United States passed at the second session of the 49th Congress. The enrollment of this act was corrected by Chapter 866, acts of the first session of the 50th Congress, page 433 *et seq.* The act in question, after providing for a petition and the time of filing the same, reads as follows: "and shall make and file therewith (the petition) a bond with good and sufficient surety, for his or their entering in such Circuit Court, on the first day of its then next session a copy of the

record in such suit, and for paying all costs that may be awarded by the said Circuit Court, if such court shall hold that such suit was wrongfully or improperly removed thereto, and also for his or their appearing and entering special bail in such suit, if special bail was originally requisite therein.   It shall then be the duty of the State court to accept said petition and bond and proceed no further in said suit," etc.   Examining the bond in question we see  that it does not meet the requirements of the act quoted.  This bond only provides that the defendant, Hayes, shall pay or cause to be paid all costs that may accrue in consequence of the improper removal of said cause, and well and truly enter his appearance in the said United States court. The bond also upon its face shows  that it is based upon a petition praying for  a removal of the case into the United States District Court.   This latter defect is the only one pointed out by counsel for either party.   By reference to the petition which is virtually by the terms of the bond made a part thereof, it would appear that this defect was a clerical error.   The most serious defect in the bond was its failure to provide that the defendant would enter a copy of the record in the case in the United States Circuit Court on the first day of its then next session.   The provision for "special bail" would probably be unnecessary, in view of the fact that we have no practice requiring such bail.   The bond given fails to comply with the requirements of the statute.   A statute which ousts a court of general jurisdiction—a jurisdiction given by law, and which it was proceeding to exercise—should be strictly construed.   The act of Congress prescribes as a jurisdictional fact, in removal cases, the giving of a bond and the condition of the same.   The act makes it obligatory upon the State court to accept proper petition

and bond.   If  proper  petition  and  bond  are filed,
the    State    court   is   powerless   to   prevent   the
removal,  and  the case  would  stand  removed  *eo in-
stanti* without any order to that effect.   Without a
proper petition and bond the State court does not lose
its jurisdiction,  and is  without  power to  order a re-
moval, and  the  case  does  not stand  removed by the
filing  of  a  defective  petition  and  bond,  or  either of
them.    Steamship Company  vs. Tugman,  106 U. S.,
118;  Chambers vs. McDougal,  42 Fed. Rep., 694, text
696;  Burdick vs. Hall, 7 Biss., 96;  New Orleans, Fort
Jackson & G. I. R. R. Co. vs.  Rabasse, 44 La. Ann.,
178, 10 South. Rep., 708;  Cleveland, C. C. & St. L. Ry.
Co. vs. Monaghan,  140 Ill.,  474;  Shaft vs.  Phoenix
Mutual Life  Ins.  Co.,  67 N.  Y.,  544;  S.  C.  23  Am.
Rep., 138.   A  great  many  cases  which  speak  of the
jurisdiction of  the State  court ceasing  upon the filing
of a petition and bond  for removal,  but  this means a
proper bond and petition, and  we have been unable to
find any case  where the State court  was ousted of its
jurisdiction unless the party seeking a removal brought
himself clearly  within the  terms of  the  statute,  and
filed a proper  petition and  proper  bond.    While the
State court has not the final determination of the ques-
tion whether the case is removed, or removable, to the
Federal court, still it must exercise  its discretion, and
determine if  the petition and bond are in proper form,
and whether it will surrender its jurisdiction or retain
the same.   If there  was no  discretion in the State
courts,  then it would follow as a matter of course, that
upon every  application for  a removal the State court
would  lose its jurisdiction until the case was remanded
by the Federal court, without regard  to the character
of  the controversy, the amount involved, or the citizen-
ship  of parties.    Meyer vs.  Construction  Company

(Removal Cases), 100 U. S., 457, 474; Brown vs. Murray Nelson & Co., 43 Fed. Rep., 614. Judge Gresham says in the case of Shedd vs. Fuller, 36 Fed. Rep., 609: "The removal act of March 3rd, 1887, as well as the prior acts upon the subject, provides that a party desiring to remove a suit from a State court to a Circuit Court of the United States, shall file his petition and bond in such suit in the State court, when it shall be the duty of that court, if the petition and bond be sufficient to satisfy the statute, to accept both and proceed no further in the case. The right of removal is purely statutory, and the jurisdiction of the State court remains undisturbed until a proper petition and bond are presented to that court for its judicial action." We hold that the bond in question, in its failure to comply with the removal act, as already pointed out, was so defective that no order of removal of the cause could properly be made in the case. The brief of the plaintiff in error, speaking of one defect in the bond— the mistake in the name of the court to which removal was sought—says that it was a clerical error and could have been amended. We agree that the bond might have been amended, but as it was not amended, nor any effort made to amend it, we are dealing with it in the shape in which we find it. If it was desired to amend the bond, such amendment should have been made in the State court. Overman Wheel Co. vs. Pope Manuf'g. Co., 46 Fed. Rep., 577, text 580.

The second assignment of error is, that the court erred in rescinding his order for the removal of said cause and all the papers therein to the Circuit Court of the United States. The assignment does not correctly quote the order. The order, as it appears of record, had already been fully set out in this opinion. The order, if it transfers the case at all, transfers it to

the District Court of the United States, and not to the Circuit Court. We confess that we do not clearly comprehend what the court below meant by the order. The order directs ''that upon the petitioner's executing a good and sufficient bond as required by law, to be approved by the clerk of this court, it is ordered that the cause be transferred to the U. S. District Court at Tampa, Florida.'' We are at a loss to decide whether the Circuit Judge meant that no bond had been filed at all, or whether he ignored the paper purporting to be a bond, and directs that such a bond as is required by law be given. The latter would seem to be the more reasonable conclusion, because the removal statute requires the bond to be filed with the petition, and it is the most favorable view for the defendant that he was endeavoring to comply with the statute as to the time of filing the bond. The order conditionally directing a removal upon the giving of a good and sufficient bond, *etc.*, would appear to have been made upon the opinion of the court that the bond filed with the petition was defective. We regard this order as wholly inoperative and very defective. In the first place, it directs a removal to the United States District Court, which would have no jurisdiction over the case; next, it prescribes a condition of removal in regard to the giving of bond which does not appear to have been complied with. Indeed, under the decisions of the Federal courts, which must control in these cases, but small importance is attached to the judgments of State courts in removal cases. The uniform tendency of such decisions is when an applicant for a removal of a case has taken such steps as clearly bring him within the terms of the United States statute, no order of the State court for the removal of the cause

is necessary. It is immaterial whether the State court does or does not make an order of removal; the case, upon the filing of the proper papers, stands *eo instanti* removed, and the State court should cease the exercise of any jurisdiction over the same. Hatch vs. Chicago, R. I. & P. R. R. Co., 6 Blatchf., 105, text 117; Wilson vs. Western Union Tel. Co., 34 Fed. Rep., 561. The most that could be said of an order of removal by a State court is that it is evidence that it has accepted the papers filed for removal as sufficient upon their face, and will cease to exercise jurisdiction over the case. The order in this case was clearly intended to preserve the jurisdiction of the court until such a bond as the statute required should be filed. It does not appear that any such bond was filed after the order was made, or that the court has accepted or passed upon such a bond. It could not have been intended by the order that the clerk of the court should pass upon the legal form and sufficiency of the bond, because that would have been a delegation of judicial power, which the law would not permit.

The next assignment of error argued by the plaintiff in error is, that the Circuit Judge charged the jury as follows: "Exemplary damages are such as not only compensate the wrong done, but also tend to protect all good citizens of the State from like wrongs from the reckless and malicious tongue of such lawless persons as have no regard for the good name of their fellows, or for the fair name and virtue of the women of the land, but turn themselves loose like ravenous wolves to destroy that which money can not buy, and that which, when lost, the powers of earth can not restore." It is not claimed that this charge states incorrectly any proposition of law, but that the language in which it was couched was calculated to arouse both

passion and prejudice in the minds of the jury against the defendant. There can be no doubt that the language of the instruction complained of was somewhat intemperate, and that it seems to indicate feeling on the part of the judge, and is not suited to a grave judicial charge. However, when we take into consideration that there could not have been any verdict and judgment in the case otherwise than in favor of the plaintiff, whatever might have been the charge of the court, and that the evidence was ample to sustain the verdict, and defendant offered not a syllable of evidence to maintain his plea of not guilty or to mitigate the damages, that there is no allegation or showing that the verdict is excessive in amount, however much we may disapprove of such language, we can not reverse the judgment on that account. Under the circumstances of this case the charge complained of could not have caused any injury to the defendant. Wooten vs. State, 24 Fla., 335, 5 South. Rep., 39; Brown vs. State, 18 Fla., 472; Jacksonville, Tampa & Key West Ry. Co. vs. Peninsular Land, T. & M. Co., 27 Fla., 1, 9 South. Rep., 661; Perin vs. Parker, 126 Ill., 201; S. C. 2 L. R. A., 336.

The judgment of the Circuit Court is affirmed.

MABRY, J. :

The charge given by the court to the jury, and referred to in the opinion, was not, in my opinion, proper, and was calculated to improperly influence the jury. I can not see that no harm resulted from giving the charge, therefore do not concur in the views expressed in reference to it.